UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SCOTT LEANDER CAMIRAND,

    Plaintiff,

    v.

ACE AMERICAN INSURANCE CO.,
a foreign corporation; FRITO LAY, INC.,
a foreign corporation; SANDRA LEE
EMBREE, an individual,

    Defendants.
_____

Case No. 6:25-cv-00255-MC

**OPINION AND ORDER**

MCSHANE, Chief Judge.

    Plaintiff, an adult in custody (AIC) at Deer Ridge Correctional Institution, filed this action in state court alleging claims of deliberate indifference under 42 U.S.C. § 1983. Defendants removed the action to this Court and now seek dismissal of Plaintiff's claims on grounds of failure to state a claim, insufficient service of process, and untimeliness. Plaintiff

1   - OPINION AND ORDER

opposes the motion and seeks remand to state court. Plaintiff cannot assert a viable claim under § 1983, and any potential state law claims are barred by the statute of limitations. Accordingly, Defendants' motion is GRANTED and Plaintiff's motion is DENIED.

## DISCUSSION

When reviewing a motion to dismiss, the complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, the Court need not accept as true "conclusory" allegations, unwarranted deductions of fact, or unreasonable inferences. *Id.* Rather, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Dismissal of a self-represented litigant's complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, a self-represented "litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Plaintiff's claims arise from an August 25, 2022 collision involving a Frito Lay van. Plaintiff was riding his bicycle on a sidewalk in Newport, Oregon, when Defendant Embree, who was driving the van, "jumped" the sidewalk curb and collided with Plaintiff and his bicycle. Compl. at 2. Plaintiff suffered a broken arm and clavicle. Plaintiff alleges that the Defendants, through the actions of Embree, exhibited deliberate indifference to his health and safety in violation of his constitutional rights. Plaintiff alleges no other claims.

2   - OPINION AND ORDER

To state a civil rights claim under § 1983, Plaintiff must allege that 1) a person acting under color of law 2) deprived him of a federal constitutional right. 42 U.S.C. § 1983; *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). A person acting "under color of law" is generally a government or public official. The named Defendants in this action are a private individual and corporations, not public officials.

To hold a private actor liable under § 1983, Plaintiff must set forth plausible allegations of joint action with a public official. *See Franklin v. Fox,* 312 F.3d 423, 441 (9th Cir. 2002). Plaintiff's allegations do not remotely suggest the type of joint action with public officials that would render Defendants' actions under "color of law" for purposes of § 1983. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003); *Price v. Hawaii*, 939 F.2d 702, 708-09 (9th Cir. 1991). Thus, Plaintiff cannot pursue claims of deliberate indifference against Defendants.

Ordinarily, the Court would allow amendment because Plaintiff's allegations implicate negligence, a state law tort claim this Court may entertain if complete diversity exists between the parties. 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Alternatively, if Embree is an Oregon citizen and no complete diversity exists, the Court would be inclined to remand the action and allow the state court to decide whether Plaintiff may amend his allegations and cure the deficiencies in service of process. However, allowing amendment in this Court or remanding to state court would be futile, because Plaintiff's claims are time-barred.

A two-year statute of limitations applies to personal injury actions, meaning that Plaintiff was required to file suit within two years of the incident in question. Or. Rev. Stat § 12.110(1). The collision with Plaintiff's bicycle occurred on August 25, 2022, and Plaintiff did not file the Complaint until December 23, 2024, more than two years later. Granted, Plaintiff purportedly signed his Complaint on July 24, 2024. Under Oregon law, however, a civil action filed by an

3    - OPINION AND ORDER

indigent AIC is "is deemed commenced, for purposes of the statute of limitations," when the complaint "is received by the court." *Stull v. Hoke*, 326 Or. 72, 75 (1997). The record makes clear that the state court did not receive Plaintiff's Complaint until December 23, 2024, and this action did not commence within the two-year limitations period. Accordingly, Plaintiff's Complaint is untimely and any potential state law claims are barred by the statute of limitations.

## CONCLUSION

Defendants' Motion to Dismiss (ECF No. 7) is GRANTED, Plaintiff's Motion to Remand (ECF No. 9) is DENIED, and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 24th day of March, 2025.

                                                    s/ Michael J. McShane  
                                                    MICHAEL J. MCSHANE  
                                                    United States District Judge